

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

ANTHONY J CLARK
Vs.
POPE JOHN PAUL II CULTURAL FOUNDATION, INC.

C.A. No.   2005 CA 009603 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive reading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge as an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

06 0197

Case Assigned to: Judge MICHAEL L RANKIN
Date: December 16, 2005
Initial Conference: 9:30 am, Friday, March 17, 2006
Location: Courtroom 519
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

FILED

FEB - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

05-0009603

Anthony J. Clark

*Plaintiff*

VS.

Civil Action No. _____

Pope John Paul II Cultural Foundation, Inc.

*Defendant*

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below**. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Bruce A. Fredrickson
Name of Plaintiff's Attorney

1775 K Street, N.W., Ste. 600
Address

Washington, D.C. 20006

(202) 659-8510
Telephone

By _____ Deputy Clerk

Date 12-16-05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 93

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

Anthony J. Clark )
5209 Church Road )
Bowie, MD 20720 )
 )
           Plaintiff, )
 )
    v. )  Civil Action No.  05-0009603
 )  Civil Calendar No.
Pope John Paul II Cultural Foundation, Inc. )  Judge
3900 Harewood Road, NE )
Washington, DC 20017 )
 )
           Defendant. )
_____)

RECEIVED
CIVIL CLERK'S OFFICE
DEC 1 6 2005
SUPERIOR COURT
OF THE DISTRICT OF COLUMBIA
WASHINGTON, DC

**COMPLAINT**
(Interference and Retaliation in Violation of the District of Columbia Human Rights Act)

COMES NOW the Plaintiff, Anthony J. Clark, by and through his attorneys, Webster, Fredrickson & Brackshaw, and for his Complaint in the above-captioned action states to this Honorable Court as follows:

**PARTIES**

1. Plaintiff Anthony J. Clark is an adult male and a citizen of the State of Maryland.

2. Defendant Pope John Paul II Cultural Foundation, Inc. (hereafter "Cultural Foundation"), is a corporation authorized to do business and doing business in the District of Columbia as the Pope John Paul II Cultural Center, and is an employer within the meaning of D.C. Code Section 2-1401.02(10) (2001 Ed., as amended).

## JURISDICTION

3. Jurisdiction is founded upon D.C. Code § 2-1403.16 (2001 Ed., as amended), Section 11-921 (2001 Ed.), and Section 13-423 (2001 Ed.).

4. Venue is proper as most of the acts complained of herein occurred in the District of Columbia.

## FACTS GIVING RISE TO RELIEF

5. On or about September 1, 2004, Plaintiff Clark was hired as an employee by Defendant in the position of Director of Planning & Development. Defendant promoted Plaintiff Clark to Director of Information Technology, in November, 2004.

6. At all times relevant hereto, Plaintiff Clark worked for Defendant at the Pope John Paul II Cultural Center, at 3900 Harewood Road, NE in the District of Columbia, premises under the control of Defendant.

7. From the time of his hire until termination in May of 2005, Plaintiff Clark worked at the Pope John Paul II Cultural Center under the supervision of Penny Fletcher, Deputy Director/Chief Operating Officer, who assigned projects and responsibilities to Plaintiff.

8. On December 2, 2004, Plaintiff was telephoned by a crying and upset Alina Arias, a female employee of the Cultural Foundation and Manager of the Visitor Services, who needed to speak with Plaintiff about the verbal and physical abuse she had just sustained from her immediate superior, Dan Callahan, a male employee of the Cultural Foundation and Director of Exhibitions and Publications. Plaintiff supported Ms. Arias and asked Ms. Arias and Hannah Grisar, an employee of the accounting firm Watkins, Meegan, Drury & Company and Defendant's Accounting Manager, who witnessed the event,

to write statements of what had occurred.

9. On December 2, 2004, Ms. Arias reported the incident to Ms. Fletcher. The following day, Ms. Fletcher put Ms. Arias on probation citing work concerns and required Ms. Arias to report to Ms. Fletcher in the future, instead of Mr. Callahan. On December 3, 2004, Plaintiff wrote a memo to Ms. Fletcher informing her how Dan Callahan threateningly approached Ms. Arias and unleashed a verbal tirade, leaving Ms. Arias frightened and shaken. Ms. Fletcher rebuked Plaintiff for asking for statements from Ms. Arias and Ms. Grisar without first consulting her. Defendant did not remove Mr. Callahan from his position or alter his duties, and upon Plaintiff's information and belief, Mr. Callahan was not disciplined in any way for his treatment of Ms. Arias.

10. As the Director of IT, Plaintiff's duties included ensuring the security of Defendant's computer systems and the integrity of the e-mail system. Within these duties, Plaintiff implemented procedures to scan the contents of all e-mail messages for violations of Defendant's e-mail policies.

11. In or around December 2004, Plaintiff Clark reported to Monsignor (hereafter "Msgr.") William A. Kerr, Executive Director of the Cultural Center, verbally and by memo, violations of Defendant's Anti-Harassment and e-mail policy by Mr. Callahan. Plaintiff reported that Mr. Callahan sent e-mails to Ms. Fletcher that contained obscene, vulgar, and violent messages directed at Ms. Arias which predated his threatening and abusive behavior toward Ms. Arias. These e-mails included derisive language, referring to Ms. Arias in a gender-specific and derogatory manner. Plaintiff warned how these e-mails may have exposed Defendant to liability as concerns Ms. Arias.

12. Following Plaintiff's report to Msgr. Kerr, Msgr. Kerr told Plaintiff that he must destroy all copies of the e-mails he had discovered and cease reviewing outgoing mails.

3

13. In or around February 2005, Ms. Fletcher terminated Ms. Arias. Plaintiff Clark subsequently expressed to Msgr. Kerr that Ms. Arias' qualifications and work were excellent, and urged him to reconsider and reinstate her.

14. On or about May 6, 2005, Msgr. Kerr offered the Plaintiff the choice of either becoming a work-at-home consultant with full salary and benefits until the end of November 2005 or lose his job without any salary or benefits. Plaintiff responded by stating he would need time to consider Msgr. Kerr's offer.

15. On or about May 9, 2005, Msgr. Kerr terminated Plaintiff's employment by informing Plaintiff that he could not stay at his job and that it would be in everyone's best interest if Plaintiff transitioned into becoming a consultant. Plaintiff and Msgr. Kerr agreed to discuss the details of being a consultant following a vacation. However, Defendant immediately canceled Plaintiff's building access pass as well as his e-mail, voicemail, and network and server accounts, which would be needed for consulting work. Plaintiff informed Msgr. Kerr that without this access he would not be able to perform as a consultant. Msgr. Kerr replied that it did not matter, but that Plaintiff was removed from his position as an employee of the Cultural Foundation. Defendant then ceased paying Plaintiff his salary.

16. Defendant's termination of Plaintiff Clark constitutes unlawful retaliation, in violation of the District of Columbia Human Rights Act, § 2-1401.01 *et seq.* (2001 Ed., as amended)

17. Defendant's actions constitute retaliation for Plaintiff's reporting of unlawful and offensive conduct engaged by Mr. Callahan and condoned by Ms. Fletcher. Plaintiff was terminated in whole or in part because of his protected activity in exercising his rights to notify the Defendant that Mr. Callahan had verbally abused and physically threatened Ms. Arias, pointing out the offensive gender-based

4

hostility, noting the violation of Defendant's own anti-harassment and e-mail policies, and warning that the conduct was illegal.

18.     As a direct and proximate result of these unlawful acts by Defendant, Plaintiff Clark has suffered and continues to suffer lost wages, benefits and entitlements, damage to his career, pain, suffering, humiliation and emotional distress.

                    *           *           *

WHEREFORE, the premises considered, Plaintiff Clark respectfully prays that this Honorable Court:

1.    Enter judgment on his behalf against Defendant Pope John Paul II Cultural Foundation, Inc. on all counts contained herein;

2.    Award Plaintiff Clark compensatory and other damages;

3.    Award back pay and front pay to Plaintiff Clark;

4.    Award punitive damages to Plaintiff Clark;

5.    Award Plaintiff Clark his court costs, expenses, attorneys' fees, prejudgment interest, and post-judgment interest;

6.    Declare that Defendant's conduct is in violation of the District of Columbia Code §§ 2-1401.01- 1411.06 (2001);

7.    Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Anthony J. Clark

5

WEBSTER, FREDRICKSON & BRACKSHAW

_____
Bruce A. Fredrickson #933044



_____
Cedar P. Carlton #480255



_____
Jeffery S. Flores #480930
1775 K Street, N.W.
Suite 600
Washington, D.C. 20006
(202) 659-8510

Attorneys for Plaintiffs

## VERIFICATION

I, Anthony J. Clark, being duly sworn on oath, do hereby state that I have read the foregoing Complaint and that it is true to the best of my knowledge, information, and belief.

_____
Anthony J. Clark

Subscribed and sworn to before me
this 6th day of December, 2005.

_____
Notary Public

My Commission Expires:

GAIL M. SPENCE
NOTARY PUBLIC DISTRICT OF COLUMBIA
My Commission Expires May 14, 2010

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues contained herein.

*[signature]*
Bruce A. Fredrickson  #933044
1775 K Street, N.W.
Suite 600
Washington, D.C.  20006
(202) 659-8510

Attorneys for Plaintiff

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| ANTHONY J. CLARK | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No.: 05-0009603 |
| POPE JOHN PAUL II CULTURAL FOUNDATION, INC. | : | |
| Defendant. | : | |

### NOTICE OF THE FILING OF REMOVAL TO FEDERAL COURT

Dear Clerk:

Please take notice that pursuant to 28 U.S.C.§1446, a Notice of Removal to the United States District Court for the District of Columbia, has been filed with that court. Attached hereto are copies of the respective pleadings. Furthermore, pursuant to 28 U.S.C. § 1446(d) this Court shall proceed no further in this matter unless the case is remanded from Federal Court.

Respectfully submitted,

CARR MALONEY P.C.

By: _____
Thomas L. McCally
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500
(202) 310-5555 fax

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and accurate copy of the foregoing notice of removal was mailed, postage prepaid on this 3 day of February, 2006, to:

Bruce Frederickson, Esquire
Webster, Frederickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, DC 20006
*Counsel for plaintiff*

                                                _____
                                                Thomas L. McCally