UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| ANTHONY J. CLARK | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 06-197 RBW |
| POPE JOHN PAUL II CULTURAL FOUNDATION, INC. | : |
| Defendant. | : |

## **ANSWER**

COMES NOW DEFENDANT, Pope John Paul II Cultural Foundation, Inc., by and through counsel, Carr Maloney, P.C. and in answer to plaintiff's Complaint states as follows:

1. Defendant admits to the allegations set forth in paragraph no. 1 of the Complaint.

2. Defendant admits to the allegations set forth in paragraph no. 2 of the Complaint.

3. This matter has been removed to federal court and as such, defendant denies the allegations set forth in paragraph no. 3 of the Complaint.

4. Defendant admits to the allegations set forth in paragraph no. 4 of the Complaint.

5. Defendant admits that it hired plaintiff as an employee on or about September 1, 2004; defendant denies the remaining allegations set forth in paragraph no. 5 of the Complaint and demands strict proof thereof.

6. Defendant admits to the allegations set forth in paragraph no. 6 of the Complaint.

7. Defendant admits that the plaintiff was employed at the Pope John Paul Cultural Center and that Penny Fletcher was one of this supervisors; defendant denies the remaining allegations set forth in paragraph no. 7of the Complaint and demands strict proof thereof.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 8 of plaintiff's Complaint, and therefore, denies the allegations and demands strict proof thereof.

9. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph no. 9 of plaintiff's Complaint, and therefore, denies the allegations and demands strict proof thereof.

10. Defendant admits that plaintiff was Director of IT but denies the remaining allegations set forth in paragraph no. 10 of the Complaint and demands strict proof thereof.

11. Defendant denies the allegations set forth in paragraph no. 11 of the Complaint and demands strict proof thereof.

12. Defendant denies the allegations set forth in paragraph no. 12 of the Complaint and demands strict proof thereof.

13. Defendant admits that Mr. Arias was terminated in February 2005 and denies the remaining allegations contained in paragraph no. 13 of the Complaint and demands strict proof thereof.

14. Defendant denies the allegations set forth in paragraph no. 14 of the Complaint and demands strict proof thereof.

15. Defendant denies the allegations set forth in paragraph no. 15 of the Complaint and demands strict proof thereof.

16. Defendant denies the allegations set forth in paragraph no. 16 of the Complaint and demands strict proof thereof.

17. Defendant denies the allegations set forth in paragraph no. 17 of the Complaint and

demands strict proof thereof.

### FIRST DEFENSE

That the Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant avers that the Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

Defendant avers that any injuries, losses, and damages claimed by the plaintiff herein were the result of the plaintiff's failure to mitigate damages, if any.

### FOURTH DEFENSE

Defendant avers that plaintiff was not terminated.

### FIFTH DEFENSE

Defendant avers that plaintiff's claims are barred by the equitable defenses of estoppel, waiver and laches.

### SIXTH DEFENSE

Defendant affirmatively asserts that plaintiff's claims are barred because plaintiff unreasonably failed to make use of defendant's suitable Anti-Discrimination/Anti-Harassment policy

### SEVENTH DEFENSE

Defendant will rely upon, and reserve the right to amend this pleading to assert any other defenses which may become apparent from evidence made available during the course of discovery and this litigation or introduced into evidence at the time of the trial of this action.

WHEREFORE, the defendant Pope John Paul II Cultural Foundation, Inc., respectfully requests that the Complaint filed herein against it be dismissed with prejudice, with costs, attorney's fees, and interest as provided by law assessed against the plaintiff and that the defendant be granted such other and further relief as this honorable Court deems just and proper.

Respectfully submitted,

CARR MALONEY P.C.

By: _____
Thomas L. McCally
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500
(202) 310-5555 fax

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer of Defendants to Plaintiff's Complaint was electronically sent this 10th day of February, 2006 to:

Bruce Frederickson, Esquire
Webster, Frederickson & Brackshaw
1775 K Street, N.W.
Suite 600
Washington, DC 20006
*Counsel for plaintiff*

_____
Thomas L. McCally