UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Anthony J. Clark, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>Pope John Paul II Cultural Foundation, Inc., )<br>)<br>  Defendant. )<br>) | Civil Action No. 06-197 (RBW) |

**JOINT REPORT REGARDING DISCOVERY PURSUANT TO RULE 16.3**

Pursuant to Local Rule 16.3(c), Plaintiff Anthony J. Clark, and Defendant Pope John Paul II Cultural Foundation, Inc., by and through counsel, hereby jointly report on their conference regarding discovery in this matter. The parties' proposed Scheduling Order is also submitted herewith. This report addresses matters covered by Rule 26(f) of the Federal Rules of Civil Procedure and this Court's LcvR 16.3(c).

**Plaintiff's Statement of the Case**

This case is brought by Plaintiff Anthony J. Clark, a former employee of the Pope John Paul II Cultural Foundation, for unlawful retaliation in violation of the District of Columbia Human Rights Act, § 2-1401.01 *et seq*. (2001 Ed., as amended), and more particularly, for violation of § 2-1402.61. The Defendant is the Pope John Paul II Cultural Foundation.

As set forth in the Complaint, Plaintiff Clark asserts that on December 2, 2004, a female co-worker of Mr. Clark telephoned him in a distressed state because she had recently been subjected to a verbal and physical assault by male employee of the Cultural Foundation. Mr. Clark reported his concerns about the incident to senior management at the Cultural Foundation and directed witnesses to the event to prepare written statements, conduct for which Mr. Clark

was reprimanded. As the Director of Information Technology, Mr. Clark also discovered obscene, vulgar, and violent e-mail messages sent by the male co-worker involved in the incident. Mr. Clark reported these gender-specific and derogatory e-mails, pointed out that the e-mails violated the Foundation's Anti-Harassment policy, and expressed his concerns that the e-mails might lead to the Cultural Foundation's liability. The Executive Director of the Foundation directed Mr. Clark to destroy all copies of the e-mails and to cease reviewing outgoing mails. As a result of Mr. Clark's opposition to and reporting of the offensive and illegal conduct, the Foundation terminated Mr. Clark's employment in May of 2005.

**Defendant's Statement of the Case**

Defendant denies the allegation as set forth in Plaintiff's Complaint.

On September 1, 2004, Anthony Clark was hired by Monsignor Kerr as Director of Planning and Development at the Cultural Center. Beginning around September 5, 2004, other Center employees began to complain about Mr. Clark's behavior. While Mr. Clark started out as Director of Development he was transitioned over to Director of IT. This was not a promotion but a lateral transfer.

On December 3, 2004, Mr. Clark sent an e-mail to an employee of the foundation allegedly documenting an encounter between two (2) other employees. then on December 9, 2004, Mr. Clark sent a memo to Monsignor Kerr memorializing a meeting that the two (2) had earlier in the day in which he referenced the employee incident. Therefore, Mr. Clark unilaterally and without permission from his superiors, and in violation of the Center's em-mail policy, instituted a more restrictive e-mail filter that scans the content of all e-mails.

On or about May 4, 2005, Mr. Clark offered his resignation. Monsignor Kerr and Mr.

Clark met again on or about May 6, 2005. Monsignor offered to allow Mr. Clark to change his status from employee to consultant. Mr. Clark would receive full pay for a period of time and would become a consultant thereafter. Monsignor also offered to recommend Mr. Clark to others for consulting jobs. Mr. Clark agreed to this arrangement and a Separation Agreement was prepared. When Mr. Clark returned from an extended vacation in June he demanded more money and other changes to the proposed Separation Agreement. No mention was made of retaliation at this time. The parties attempted to negotiate the terms of the Separation Agreement but these efforts were unsuccessful.

* * *

Mr. Clark filed the present lawsuit in the Superior Court of the District of Columbia on December 16, 2005. The Cultural Foundation removed the case to the United States District Court for the District of Columbia on February 3, 2006, pursuant to 28 U.S.C. §1446(b).

Counsel for the parties met and conferred on May 2, 2006 to discuss the matters set forth in LcvR 16(3) as well as scheduling. This report reflects the agreement of Plaintiff's and Defendant's counsel on behalf of their clients.

In order to assist the Court in setting a schedule for this case, this report addresses the provisions of LCvR 16.3(c) as follows:

1. Defendant will likely file a motion for summary judgment.

   Plaintiff does not believe this case can be decided by a dispositive motion.

2. The parties do not foresee a need to join additional parties to the litigation or otherwise amend the pleadings. If the parties determine at a later date that additional parties shall be joined, those parties shall be joined within ninety (90) days of the initial scheduling

order. At this stage in the litigation, the parties are unable to narrow the factual or legal issues in this case.

3. Defendant opposes assignment of this case to a magistrate judge for purposes of trial, but the parties agree that assignment to a magistrate judge may be appropriate for other purposes.

4. The parties believe early settlement negotiations may resolve this matter.

5. The parties believe early mediation would be helpful in resolving this matter. Counsel have discussed mediation and their response to this provision with their clients.

6. The parties propose that any dispositive motions be filed within thirty (30) days after the close of discovery, with oppositions due forty-five (45) days after service of the motion, and replies due within thirty (30) days thereafter.

7. The parties agree, pending the Court's approval, to dispense with mandatory initial disclosures under Federal Rule of Civil Procedures 26.

8. The parties propose that discovery in this matter be completed within one hundred eighty (180) days from the initial scheduling order, or if the parties are referred to ADR, one hundred eighty (180) days from the end of ADR. The parties will endeavor to negotiate an acceptable protective order as to any confidential information, as may be necessary, for submission to the Court for approval.

9. The parties agree that proponent's expert witness opinions and reports should be served by no later that ninety (90) days from the initial scheduling order, and counter-expert (opponent's) witness opinions and reports should be served by no later than forty-five (45) days thereafter. The parties agree that deposition of designated expert witnesses

shall be taken by the close of discovery.

10. This matter is not a class action subject to Federal Rule of Civil Procedure 23.

11. The parties do not believe that bifurcated discovery or a bifurcated trial is appropriate.

12. The parties request that the pretrial conference be schedule for a date no sooner than forty-five (45) days following the Court's decision on any motions for summary judgment.

13. The parties prefer that a firm trial date be set at the initial scheduling conference.

14. No other matters need to be addressed at this time.

Respectfully submitted,

WEBSTER, FREDRICKSON & BRACKSHAW                    CARR MALONEY P.C.


*/s/ Bruce A. Fredrickson*                           */s/ Thomas L. McCally*
Bruce A. Fredrickson  #933044                        Thomas L. McCally, #391937
Cedar P. Carlton #480255                             Colleen E. Durbin, Esq.
1775 K Street, N.W.                                  1615 L Street, N.W.
Suite 600                                            Suite 500
Washington, D.C. 20006                               Washington, D.C. 20036
(202) 659-8510                                       (202) 310-5500
(202) 659-4082 (fax)                                 (202) 310-5555 (fax)
Counsel for Plaintiff                                Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Anthony J. Clark, | ) | |
|       Plaintiff, | ) | |
| v. | ) | Civil Action No. 06-197 (RBW) |
| Pope John Paul II Cultural Foundation, Inc., | ) | |
|       Defendant. | ) | |

**ORDER**

UPON CONSIDERATION of the parties' Rule 16.3 Report, it is HEREBY ORDERED as follows:

1. Discovery shall proceed through _____.

2. Motions for summary judgment shall be filed by _____; oppositions shall be filed by 45 days thereafter; and replies shall be filed by 30 days following any oppositions.

3. The parties may dispense with initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

4. Proponents' expert witness reports shall be served no later than 90 days from the date of this order, and counter-expert witness reports shall be served no later than 45 days thereafter. Depositions of designated expert witnesses shall be taken by close of discovery.

Date_____                    _____
                                                              UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 3rd day of May 2006, a copy of the foregoing Joint Report Regarding Discovery Pursuant to Rule 16.3 was served by first class mail, postage prepaid, to:

Thomas L. McCally, Esq.
Colleen E. Durbin, Esq.
Carr Maloney P.C.
1615 L Street, N.W.
Suite 500
Washington, D.C. 20036
(202) 310-5500
(202) 310-5555 (fax)

                                                            */s/ Bruce A. Fredrickson*

                                              Bruce A. Fredrickson  #933044
                                              Cedar P. Carlton #480255
                                              1775 K Street, N.W.
                                              Suite 600
                                              Washington, D.C.  20006
                                              (202) 659-8510
                                              (202) 659-4082 (fax)